IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Action No. 11-cr-00455-WJM

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. MATTHEW COLIN LAFLIN
2. ERIC SHUNGLIK LEE,

 Defendants.

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION
TO CONTINUE - ENDS OF JUSTICE CONTINUANCE**

  This matter is before the Court on Defendant Matthew Laflin's Unopposed Motion for Ends of Justice Continuance filed December 29, 2011 (ECF No. 36) (the "Motion"). Defendant's Motion requests an additional 60-day ends of justice continuance of the deadlines as set forth in the Speedy Trial Act, 18 U.S.C. §§ 3161-3174. According to the Motion, Defendant Eric Shunglik Lee "endorses" the relief requested therein. *Id.* at ¶ 8. For the following reasons, the Motion is GRANTED.

  Defendant's Motion is unopposed by the Government, and therefore, the averments of fact in the Motion have been confessed by the Government. Thus, those foundational and predicate facts are deemed established, and the Court need not reiterate them here. Defendant's Motion describes the various factors that counsel believes necessitate the exclusion of an additional 60 days in this case, and the Court

adopts and incorporates those facts herein.

On November 10, 2011 the Court granted previous Ends of Justice motions filed by the Defendants and excluded 30 days from the computation of the Speedy Trial Date (ECF No. 30). The Court expressly adopts its findings and orders set forth in that prior ruling as if more fully set forth herein.

In addition, counsel for Defendant Laflin, through the discovery process, has identified collateral issues specifically related to how the charges against the Defendant effect his ability to continue his service in the Army National Guard. Counsel has been required to conduct interviews with individuals knowledgeable of the issues presented and has also been required to research the potential collateral consequences of a conviction in the instant matter relating to continued service in the Army National Guard. Counsel represents to the Court that additional time is needed in order to provide him with the ability to better advise Defendant Laflin of the potential ramifications to him of a conviction in this matter. For the foregoing reasons, the Court finds that additional time should be excluded from the Speedy Trial Act.

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation by Defendant, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has considered the factors which it must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation

by counsel.

Accordingly, the Court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) Additional time should be excluded from the computation of the speedy trial time; and

(4) Therefore, the ends of justice served by granting the motion outweighs the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

THEREFORE, IT IS HEREBY ORDERED that:

(1) The Unopposed Motion for Ends of Justice Continuance , ECF No. 36, filed December 29, 2011, by Defendant Matthew Laflin, is GRANTED;

(2) All pretrial motions shall be filed no later than March 16, 2012. Responses to these motions shall be filed no later than March 26, 2012. No Replies shall be permitted without prior leave of Court. If a party believes an evidentiary hearing on a pretrial motion is necessary, a written request for the same must be made no later than March 16, 2012.

(5) The 3-Day Jury Trial currently set to commence on January 23, 2012 is VACATED and RESET to April 16, 2012 in Courtroom A801.

(6) The Final Trial Preparation Conference currently set for January 12, 2012 at 2:00 p.m., is VACATED and RESET to April 5, 2012, at 4:30 p.m. in Courtroom A801.

Dated this 30th day of December, 2011.

BY THE COURT:

William J. Martínez
United States District Judge